UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RAMSEY,

        Petitioner,

                                  Case Number 15-11083

v.                                 Honorable David M. Lawson

BONITA HOFFNER,

        Respondent.

_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(B)(3)(A)

Petitioner Robert Ramsey, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner was convicted of first-degree murder and felony firearm in the Wayne County, Michigan circuit court and was sentenced to life imprisonment for first-degree murder and a consecutive sentence of two years in prison for the firearm offense. This Court previously denied a petition for habeas corpus from the petitioner challenging these convictions. The Court therefore will transfer the petition to the court of appeals because the petitioner did not obtain authorization to file a second or successive petition from the court of appeals before filing his petition.

I.

In 2004, a Wayne County, Michigan circuit court jury found the petitioner guilty of first-degree murder, Mich. Comp. Laws § 750.316, and felony firearm, Mich. Comp. Laws § 750.227b. On September 17, 2004, the trial court sentenced the petitioner to life imprisonment without the possibility of parole for the murder conviction and a consecutive term of two years in prison for the

felony firearm conviction. The Michigan Court of Appeals affirmed the petitioner's convictions. *People v. Ramsey*, No. 266371, 2007 WL 1138487 (Mich. Ct. App. Apr. 17, 2007). On July 30, 2007, the Michigan Supreme Court denied leave to appeal. *People v. Ramsey*, 479 Mich. 868; 735 N.W.2d 234 (2007).

The petitioner subsequently challenged his convictions in a petition for habeas corpus, which was denied on the merits. *Ramsey v. Berghuis*, No. 07-13563 (E.D. Mich. Sept. 30, 2009). The petitioner appealed the Court's decision and was granted a certificate of appealability on his claim that the evidence was insufficient to support his murder conviction. The United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment, *Ramsey v. Berguis* (sic), No. 10-1428 (6th Cir. May 19, 2011), and on January 9, 2012, the United States Supreme Court denied the petitioner's application for a writ of certiorari. *Ramsey v. Berghuis*, 132 S. Ct. 1038 (2012) (table).

In 2014, the petitioner filed a second habeas corpus petition challenging the same convictions for first-degree murder and felony firearm. He alleged that his Sixth Amendment right to counsel was violated because he was not represented by counsel at his initial arraignment in state court. The Court transferred the petition to the court of appeals as a second or successive petition. *See Ramsey v. Haas*, No. 14-12759 (E.D. Mich. July 24, 2014). The Sixth Circuit denied permission to file a second or successive petition. *In re: Robert Ramsey*, No. 14-1944 (6th Cir. Feb. 18, 2015).

On March 23, 2015, the petitioner filed his current petition for habeas corpus. His only claim is that he was deprived of his Fourteenth Amendment right to due process and his Sixth Amendment right to counsel at his arraignment in 2004. The petitioner maintains that, as a result of not having counsel at a "critical stage" of the proceedings, the sentencing court lacked jurisdiction and the state court judgment is void. He seeks immediate release from custody.

II.

This is the petitioner's third habeas corpus petition challenging the same convictions for first-degree murder and felony firearm. Before a second or successive habeas petition may be filed in federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir.1998). This requirement transfers to the court of appeals a screening function previously performed by the district courts. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). A federal district court does not have jurisdiction to entertain a successive petition for the writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of a successive petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The petitioner has not acquired permission from the court of appeals to file a second or

successive petition.  And he cannot evade the requirements of section 2244(b)(3)(A) by filing his habeas petition under 28 U.S.C. § 2241 (the statute providing a general grant of habeas jurisdiction), rather than 28 U.S.C. § 2254 (the statute limited to individuals in custody under a state-court judgment).  The second-or-successive provisions of "section 2244(b) appl[y] to any habeas corpus petition seeking relief from custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).  Thus, before filing a successive habeas petition, the petitioner must seek pre-authorization from the Court of Appeals under section 2244(b).  *Id*. at 338.

### III.

The Court will transfer the petition to the court of appeals because the Court lacks jurisdiction over the petitioner's successive petition for a writ of habeas corpus.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** the petitioner's petition for a writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 20, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 20, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

---